### INHABITANTS OF DANA *vs.* INHABITANTS OF HARDWICK.

By *St.* 1842, *c.* 5, annexing part of Petersham and Hardwick to Dana, it was provided, in § 2, that if any persons who had theretofore gained a legal settlement in said towns of Petersham or Hardwick, by a residence on the territory so annexed to the town of Dana, or by having been proprietors of any part thereof, or who might derive such settlement from any such resident or proprietor, should come to want and stand in need of relief and support, they should be relieved and supported by said town of Dana, in the same manner as if they had gained a settlement in that town. *Held*, that the town of Dana is bound to support, from the time the statute was passed, the persons who had gained or derived, in the way mentioned in said section, a legal settlement in Petersham or Hardwick, and who may stand in need of relief, since the statute was passed, though they had come to want and been relieved as paupers before it was passed.

ASSUMPSIT to recover the expenses incurred by the plaintiffs in supporting Lucretia Hatstat, a pauper, whose settlement was alleged to be in the town of Hardwick. The case was submitted to the court upon the following statement of facts :

" The act to annex a part of Petersham and Hardwick to Dana, (*St.* 1842, *c.* 5, § 2,) passed on the 4th of February 1842, contains this provision : ' If any persons who have heretofore gained a legal settlement in said town of Petersham or Hardwick, by a residence on said territory,' [annexed to Dana,] ' or by having been proprietors of any part thereof, or who may derive such settlement from any such resident or proprietor, shall come to want and stand in need of relief and support, they shall be relieved and supported by said town of Dana, in the same manner as if they had gained a settlement in that town.' Before that time, George Hatstat, the father of said Lucretia, had gained a settlement in Hardwick, by residing on his farm in the part set off to Dana, and taxation while so residing. In 1840, he left that farm and resided, with his family, for a few months, in another part of Hardwick, which is still a portion of that town. Afterwards, in the same year, he removed to Palmer, (but never gained a settlement there,) and there became in need of relief, as a pauper, and with his family, of whom said Lucretia was one, received necessary support and assistance, for

some time before February 4th 1842, from the town of Palmer, and continued, at the date last mentioned, to receive such support and assistance from the inhabitants of Palmer, for which they were reimbursed by the town of Hardwick. Subsequently, the overseers of the poor of the town of Dana caused the said Lucretia, with another member of said Hatstat's family, to be removed from Palmer to Dana, where the said Lucretia received support from said overseers; and this action is brought to recover the expense of that support. Said George Hatstat's lawful settlement was in Hardwick, until the passage of said act, and he never acquired any new settlement, unless by force of said act, in connexion with the facts above stated; and the said Lucretia's settlement is derived from said George, she never having acquired any settlement otherwise. Legal notice was given by the plaintiffs to the defendants, to which the defendants duly and seasonably made a reply."

*Barton,* for the plaintiffs. If Dana is bound to support the pauper, it is by force of *St.* 1842, *c. 5,* § 2. Without the provision in that section, her settlement would have remained in Hardwick. *Windham* v. *Portland,* 4 Mass. 390. *Fitchburg* v. *Westminster,* 1 Pick. 146. *Lexington* v. *Burlington,* 19 Pick. 428. The provision is, that those who "*shall come to want* shall be relieved and supported by said town of Dana.*" It is prospective, and does not include persons who were then receiving relief as paupers. And it is to be construed strictly. *Bridgewater* v. *West Bridgewater,* 9 Pick. 56. The legislative precedents show that, upon the annexation of part of one town to another, or the incorporation of a new town from parts of old ones, existing paupers are *expressly referred to,* when it is intended to change their settlement. See *St.* 1815, *c.* 116, § 4, and the decision thereon, in *Southbridge* v. *Charlton,* 15 Mass. 248. *Sts.* 1823, *c.* 99, § 2, and *c.* 129, § 2; 1832, *c.* 93, § 3; 1837, *c.* 80, § 4; 1841, *c.* 30, § 2.

*C. Allen,* for the defendants.

HUBBARD, J. This case depends on the construction of

18 *

the statute by which a part of the territories of Hardwick and Petersham were annexed to Dana. There have been many acts of a similar character, and decisions as to two of them have been cited as bearing on the present case ; but no one of these statutes is, in its terms, so precisely like the present as to determine its construction as to the point here raised.

The act, no doubt, grew out of a compact between the parties, embracing, among other things, an agreement as to the support of persons who had gained a legal settlement by a residence on the territory to be annexed, or by having been proprietors of any part of it, and was intended to apply to those whose situation, at the time, was unknown, as well as to those who might immediately afterwards stand in need of assistance. And we are of opinion that the true construction of the act is this ; that those persons who would have acquired a settlement in Dana, provided this portion of territory so annexed had always been a part of that town, are the persons intended by this act, for whom the town of Dana shall provide, if they come to want, or stand in need of assistance ; and that the statute is to be construed, not in the rigid sense in which penal statutes are construed, but according to the spirit and intent of the parties, to be gathered from the terms of the statute. It does not apply solely to those who were, at the passage of the act, of sufficient ability to support themselves, and might afterwards come to want, but embraces those persons whose settlement should afterwards be ascertained to be in Dana, by their previous residence on the territory, or proprietorship thereof, or as derived from persons thus entitled, and who stood in need of assistance immediately after the time of the passage of the act, and will include the cases of those who were in want before the making of the act, and who shall also stand in need after its passage.

The argument pressed upon the court is, that the words "shall come to want" are in their terms future, and cannot, therefore, in strictness, embrace persons who were paupers at the time of passing the act. But the words are,

also, "and stand in need of relief and support;" which include a present necessity, and also qualify and explain the words previously used. They are similar to those made use of in the Rev. Sts. *c.* 45, 1: "Legal settlements may be acquired in any town, so as to oblige such town to relieve and support the persons acquiring the same, in case they are poor and stand in need of relief." On the whole, we are of opinion that the pauper must be supported by the town of Dana.

*Plaintiffs nonsuit.*